# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PARNELL R. MAY**                                                                                                          **PLAINTIFF**
**ADC #153557**

**V.**                          **NO. 4:22-cv-00223-BRW-ERE**

**MUSSELWHITE,** *et al.*                                                                                                **DEFENDANTS**

## ORDER

Plaintiff Parnell R. May, an Arkansas Division of Correction ("ADC") inmate, filed this *pro se* lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. May alleges that Defendants have been deliberately indifferent to his safety by refusing to place him in protective custody. Specifically, he claims that inmate Joseph Lyda has verbally threatened to kill him. Mr. May sues Warden Musselwhite, Chief Deputy Director Marshal D. Reed, Warden Peirce, and Warden Young.

Mr. May alleges that he has notified Defendants Musselwhite and Reed about his concerns for his safety, but he fails to make any allegations of wrongdoing by the other two Defendants, Warden Peirce and Warden Young. As a result, Mr. May's current complaint lacks any factual allegations giving rise to a plausible constitutional claim against either Warden Peirce or Warden Young.

Warden Peirce and Warden Young cannot be held responsible for any subordinate's alleged unconstitutional conduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1948 (U.S. 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Instead, Mr. May "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948.

To give Mr. May an opportunity to file an amended complaint clarifying his constitutional claims, the Court postpones the screening process mandated by 28 U.S.C. § 1915A.[1]

If Mr. May files an amended complaint, he should specifically explain how: (1) each individual Defendant was *personally* involved in the events giving rise to this lawsuit; and (2) explain the injury Mr. May suffered as a result of each Defendant's unconstitutional conduct.

Additionally, an amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.* 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

complaint without legal effect). Thus, Mr. May should make sure that his amended complaint, if filed, includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, Mr. May need only include a "short and plain statement" showing that he is entitled to relief, with allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

IT IS THEREFORE ORDERED THAT:

1. Mr. May may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. May fails to file an amended complaint, the Court will screen his original complaint, which is likely to result in the dismissal of some or all of his claims.

IT IS SO ORDERED this 14th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE