# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**PARNELL R. MAY**                                                                                    **PLAINTIFF**
**ADC #153557**

**V.**                          **NO. 4:22-cv-00223-BRW-ERE**

**MUSSELWHITE,** *et al.*                                                                        **DEFENDANTS**

## PARTIAL RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections:

This Recommendation has been sent to United States District Judge Billy Roy Wilson. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

### II.   Background:

Plaintiff Parnell R. May, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. May claims that Defendants have demonstrated deliberate indifference to a substantial risk that he will suffer physical harm. Specifically, he alleges that Defendants refused to take

measures to protect him after inmate Joseph Lyda threatened to kill him.[1] Mr. May sues Warden Musselwhite, Chief Deputy Director Marshal D. Reed, Warden Peirce, and Warden Young. By way of relief, he seeks a permanent injunction requiring the Defendants to: (1) place him in protective custody; and (2) take measures that would assure his safety "to and from the showers." *Doc. 2 at 11*.

Pending before the Court is Mr. May's motion for a preliminary injunction. *Doc. 3*. For the reasons explained below, the motion should be denied.

## III. Discussion

When deciding whether to grant a preliminary injunction, a court must consider the following *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)).

A preliminary injunction "is an extraordinary remedy," and the movant bears the burden of showing that such relief should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (internal citations omitted).

---

[1] At this time, the Court has postponed the screening process mandated by 28 U.S.C. § 1915A until Mr. May has had an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 5*.

> [I]n the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . [t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

*Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir. 1982)).

Mr. May conclusively states that he has met the "4 standards for a preliminary injunction." However, he fails to include any information pertinent to consideration of the *Dataphase* factors and merely alleges that after he informed Defendants that he faced a "substantial risk of physical harm" and requested protective custody status, Defendant Musselwhite denied his request. Without question, Mr. May has failed to demonstrate a reasonable likelihood of success on the merits or that he will be irreparably harmed if the requested relief is not granted.

In addition, Mr. May fails to request specific preliminary relief. To the extent that he seeks a preliminary injunction requiring his placement in protective custody, his burden is heavy because "granting the preliminary injunction will give [him] substantially the relief [he] would obtain after a trial on the merits." *United Industries Corp. v. Clorox Co*., 140 F.3d 1175, 1179 (8th Cir. 1998) (quoting *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.,* 997 F.2d 484, 486 (8th Cir.1993)). The primary function of a preliminary injunction is to preserve the status quo until the merits are determined, and "[r]equiring [Defendants] to take

3

affirmative action . . . before the issue has been decided on the merits goes beyond the purpose of a preliminary injunction." *Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 490 (8th Cir. 1993).

## IV. Conclusion:

For the reasons stated, the Court recommends that Mr. May's motion for preliminary injunctive relief (*Doc. 3*) be DENIED.

DATED this 21st day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE