IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PARNELL R. MAY**                                                                                        **PLAINTIFF**
**ADC #153557**

V.                              NO. 4:22-cv-00223-BRW-ERE

**MUSSELWHITE,** *et al.*                                                                              **DEFENDANTS**

## PARTIAL RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections:

This Recommendation has been sent to United States District Judge Billy Roy Wilson. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

### II.   Background:

Plaintiff Parnell R. May, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. May claims that Defendants have demonstrated deliberate indifference to a substantial risk that he will suffer physical harm. Specifically, he alleges that Defendants refused to take

measures to protect him after inmate Joseph Lyda threatened to kill him. Mr. May sues Warden Musselwhite, Chief Deputy Director Marshal D. Reed, Warden Peirce, and Warden Young. By way of relief, he seeks a permanent injunction requiring the Defendants to: (1) place him in protective custody; and (2) take measures that would assure his safety "to and from the showers." *Doc. 2 at 11*.

Pending before the Court is Defendants' motion to dismiss Mr. May's claims based on his failure to state a plausible claim for relief. *Doc. 21*. Mr. May has responded to the motion[1] and it is ripe for review. *Doc. 24*. For the reasons stated below, Defendants' motion should be denied.

**III.    Discussion:**

    **A.    Standard**

In deciding whether Mr. May states a plausible claim for relief, the Court must assume the truth of all factual allegations in the complaint and determine whether they "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply

---

[1] In his response to Defendants' motion, Mr. May alleges that, on May 5, 2022, another inmate attacked him in the shower stall. *Doc. 24 at 3-4*. Any alleged claim arising out of that incident is not at issue in this lawsuit. If Mr. May seeks to proceed on any claims arising out of that incident, he must raise those claims in a *new, separate* § 1983 complaint filed *after* he has fully exhausted (or attempted to exhaust) his administrative remedies. See 42 U.S.C. § 1997e; *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (holding prisoners must: (1) *fully* and *properly* exhaust their administrative remedies as to *each* claim mentioned in the complaint; and (2) complete the exhaustion process *before* filing an action in federal court).

"[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

B. **Factual Background**

In his complaint, Mr. May, a black inmate, alleges that inmate Joseph Lyda has verbally threatened to kill him. He explains that: (1) inmate Lyda is housed three cells down from him; (2) inmate Lyda walks by his cell daily threatening him and sometimes displaying a long metal object; (3) inmate Lyda is a leader within the Aryan Brotherhood; (4) he has now been labeled a "snitch" for filing a grievance regarding Lyda's conduct; and (5) because of his housing location, he is routinely transported to shower call with inmate Lyda. Despite Mr. May's requests to be placed in protective custody, Defendants Musselwhite and Reed have told Mr. May that there is no protective custody at the Cummins Unit. He states that Defendant Musselwhite and all other Defendants have refused to provide him "proper and adequate" security. *Id. at 8*.

In their motion to dismiss, Defendants argue that, according to the grievance papers attached to Mr. May's complaint, prior to March 10, 2022, the date Mr. May filed this lawsuit, ADC officials: (1) investigated Mr. May's complaints regarding inmate Lyda; (2) failed to substantiate Mr. May's allegations or recover any weapon

3

in inmate Lyda's cell;[2] and (3) transferred Mr. Lyda to another cell.[3] *Id. at 14, 16*. In addition, they explain that Mr. May is housed in a single-man cell 23 hours a day and that all inmates housed in restrictive housing are on "lock down." *Id. at 13*.

The Eighth Amendment requires prison officials to protect convicted prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a plausible claim that Defendants violated his constitutional right to protection, Mr. May must allege: "(1) an 'objectively, sufficiently serious' deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant[s] [were] deliberately indifferent to the substantial risk of serious harm." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834). "The second requirement is a subjective test; the defendant[s] must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

While Defendants' reliance on the grievance papers is well-founded, those documents do not address Mr. May's concerns regarding the possible harm he faces when he is transported to shower call. In his complaint, Mr. May specifically states

---

[2] In his response to Defendants' motion, Mr. May alleges that ADC officials actually found inmate Lyda's weapon, but they misrepresented that they had not. *Doc. 24 at 2*.

[3] In his complaint, Mr. May alleges that ADC officials moved inmate Lyda from cell #7 to cell #10, less than 30 feet away from him.

that he and inmate Lyda are transferred to the shower at the same time, and that inmate Lyda is handcuffed in front, while he is at a "disadvantage" because his hands are handcuffed behind his back. *Doc. at* 5. Furthermore, although Defendants state that ADC officials transferred inmate Lyda to a different cell, Mr. May alleges that he is now housed only 30 feet away from him.

Based on Mr. May's allegations, Defendants are aware that: (1) Mr. May and inmate Lyda attend shower call together; (2) inmate Lyda poses a risk to Mr. May's health and safety; and (3) Defendants have failed to reduce the risks posed by inmate Lyda. Mr. May has stated a plausible failure to protect claim against Defendants and should be allowed to proceed on his claims.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT Defendants' motion to dismiss (*Doc. 21*) be DENIED.[4]

Dated this 16th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] In their motion, Defendants also argue that Mr. May's claims fail because he failed to allege that he suffered any actual injury. See *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("[b]ecause § 1983 action is a type of tort claim, general principals of tort law require that a plaintiff suffer some actual injury before he can receive compensation"). However, Mr. May seeks injunctive relief rather than monetary damages. Accordingly, Mr. May's failure to allege that he has suffered any physical injury is irrelevant.