IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PARNELL R. MAY**                                                                                             **PLAINTIFF**
**ADC #153557**

V.                              NO. 4:22-cv-00223-BRW-ERE

**MUSSELWHITE**, *et al*.                                                                                       **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Plaintiff Parnell R. May, an Arkansas Division of Correction ("ADC") inmate formerly housed at the Cummins Unit of the ADC, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. May claims that Defendants have demonstrated deliberate indifference to a substantial risk that he will suffer physical harm.

Specifically, he alleges that Defendants refused to take measures to protect him after inmate Joseph Lyda threatened to kill him. Mr. May sues Warden Musselwhite, Chief Deputy Director Marshal D. Reed, Warden Peirce, and Warden Young. For relief, he seeks a permanent injunction requiring the Defendants to: (1) place him in protective custody; and (2) take measures that would assure his safety "to and from the showers." *Doc. 2 at 11*.

Pending before the Court is Defendants' motion for judgment on the pleadings. *Doc. 36*. Mr. May has responded to the motion,[1] and it is ripe for review. *Doc. 38*. For the reasons stated below, Defendants' motion should be granted.

### III. Discussion:

#### A. Standard

When deciding a motion for judgment on the pleadings, the "court must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). A court may grant a motion for judgment on the pleadings "only when there is no dispute as to any

---

[1] In his response to Defendants' motion, Mr. May alleges that, on May 5, 2022, another inmate attacked him in the shower stall. *Doc. 38*. Any alleged claim arising from this incident is not at issue in this lawsuit. If Mr. May seeks to pursue this claim, he must raise those claims in a *new, separate* § 1983 complaint filed *after* he has fully exhausted (or attempted to exhaust) his administrative remedies. See 42 U.S.C. § 1997e; *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (holding prisoners must: (1) *fully* and *properly* exhaust their administrative remedies as to *each* claim mentioned in the complaint; and (2) complete the exhaustion process *before* filing an action in federal court).

material facts and the moving party is entitled to judgment as a matter of law." *Id*.

### B. Factual Background

In his complaint, Mr. May, a black inmate, alleges that inmate Joseph Lyda threatened to kill him. He explains that: (1)Mr. Lyda is housed three cells down from him; (2) Mr. Lyda walks by his cell daily threatening him and sometimes displaying a long metal object; (3) Mr. Lyda is a leader within the Aryan Brotherhood; (4) Mr. May has now been labeled a "snitch" for filing a grievance regarding Lyda's conduct; and (5) because of Mr. May's housing location, he is routinely transported to shower call with Mr. Lyda. Mr. May asked to be placed in protective custody, but Defendants Musselwhite and Reed told Mr. May that there is no protective custody at the Cummins Unit. He states that all Defendants have refused to provide him "proper and adequate" security. *Id. at 8*.

The Eighth Amendment requires prison officials to protect convicted prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To state a plausible claim that Defendants violated his constitutional right to protection, Mr. May must allege: "(1) an 'objectively, sufficiently serious' deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant[s] [were] deliberately indifferent to the substantial risk of serious harm." *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer*, 511 U.S. at 834). "The second

3

requirement is a subjective test; the defendant[s] must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837).

In their motion, Defendants explain that, on August 25, 2022, Mr. May notified the Court that he had been transferred to the East Arkansas Regional Unit. *Doc. 35*. Therefore, they argue that Mr. May's concerns regarding his safety at the Cummins Unit are now moot and his claims should be dismissed. The Court agrees.

An inmate's claims for declaratory and injunctive relief to improve prison conditions is moot when he or she is transferred to another facility and is no longer subject to those conditions. *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir.1999) (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985)).

As previously noted, Mr. Hill is no longer housed at the same ADC Unit as Mr. Lyda. As a result, Mr. Hill is no longer subject to the conditions that he complained of in his complaint.

In his response, Mr. May states that he continues to seek a Court order requiring ADC officials to transport him safely "to and from the showers." Doc. 38 at 1. He explains that "[i]t is reasonably known that the Aryan Brotherhood prison gang [is] an immediate threat and that already at the East Arkansas Regional Unit, there are numerous [] members of the Aryan Brotherhood, and that Parnell R. May has already been identified as the one labeled the rat[] and snitched on Joseph Lyda

4

at the Cummins Unit." *Id. at 4*. These allegations are unrelated Mr. May's claim in this lawsuit, which relate to his continued incarceration with Mr. Lyda at the Cummins Unit.[2] If Mr. May wants to pursue a new claim involving a different, although similar, threat at the East Arkansas Regional Unit involving different Aryan Brotherhood inmates, he must do so in a new lawsuit.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for judgment on the pleadings (*Doc. 36*) be GRANTED.

2. Mr. May's claims should be DISMISSED, without prejudice.

3. The Clerk be instructed to close this case.

Dated this 16th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In his response to Defendants' motion, Mr. May speculates that, *if* he is transferred back to the Cummins Unit, he may then be subjected to a substantial risk of serious injury. However, the possibility of a future transfer that may cause Mr. May to again be housed with Mr. Lyda at the Cummins Unit is not sufficient to create standing for Mr. May to pursue this lawsuit. *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148 (2013) (explaining that a plaintiff's "theory of standing which relies on a highly attenuated chain of possibilities, does not satisfy the requirement that threatened injury must be certainly impending").